**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION**

| | | |
|---|---|---|
| Joseph Bernard Baylor, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No.: 4:04-23026-CWH |
| | ) | |
| vs. | ) | |
| | ) | |
| United States of America, | ) | **ORDER** |
| | ) | |
| Respondent. | ) | |
| ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ | ) | |

On November 19, 2004, Joseph Bernard Baylor ("Baylor" or the "petitioner") commenced this *pro se* action attacking his guilty plea and sentence pursuant to 28 U.S.C. § 2255. On December 5, 2007, the government responded to the petitioner's § 2255 motion and moved for summary judgment. On December 7, 2007, the Court issued a <u>Roseboro</u> order, advising the petitioner of the summary judgment dismissal procedure and informing the petitioner that he must respond within 34 days of the date of the order. On March 6, 2008, the Court ordered the petitioner to respond to the government's motion for summary judgment by March 21, 2008. To this date, the petitioner has not responded.

I.    Petitioner's Allegations and Procedural History

On March 27, 2002, Baylor was indicted for knowingly possessing a firearm on December 13, 2001 in the District of South Carolina, which had been shipped and transported in interstate commerce in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). On May 16, 2002, the petitioner acknowledged receipt of a copy of the indictment and, after arraignment, pled not guilty in open court. On September 10, 2002, pursuant to a written plea agreement with the government, the petitioner pled guilty to felon in possession of a firearm. On December 11,

2002, Baylor moved to withdraw his guilty plea and to dismiss the indictment. In the motion, Baylor claimed that the Court lacked jurisdiction to hear his case because being a felon in possession of a firearm does not affect interstate commerce. On January 24, 2003, the Court denied Baylor's motion to withdraw his guilty plea and his motion to dismiss the indictment. On January 24, 2003, Baylor was sentenced to 180 months imprisonment and five years supervised release. Judgment was entered on February 4, 2003.

On February 6, 2003, Baylor notified the Court of his appeal to the Fourth Circuit Court of Appeals. Baylor raised the following two issues on appeal: (1) whether the magistrate judge complied with Rule 11 in accepting Baylor's guilty plea and (2) whether the district court erred in sentencing Baylor as an Armed Career Criminal. On November 19, 2004, the Fourth Circuit Court of Appeals affirmed Baylor's sentence and conviction.

On November 19, 2004, Baylor timely moved *pro se* to vacate his sentence pursuant to 28 U.S.C. § 2255. On November 24, 2004, Baylor moved to amend his motion to vacate his sentence. On December 1, 2004, Baylor submitted his memorandum in support of his motion to vacate his sentence. On August 5, 2005, the government moved, pursuant to a Rule 35(b) motion, for a reduction of Baylor's sentence imposed on January 24, 2003, because of the petitioner's substantial assistance prior to and after his sentencing. On September 20, 2005, the Court granted the government's motion, and Baylor's sentence was reduced from 180 months to 96 months in prison. On December 5, 2007, the government responded to the petitioner's § 2255 motion and moved for summary judgment.

In the petitioner's motion to vacate his guilty plea and sentence, he alleges that his counsel was ineffective for failing to raise the following issues: (1) that the petitioner's 1993

conviction for Possession with Intent to Distribute Cocaine should not have been considered a serious drug offense under 18 U.S.C. § 924(e), (2) that his prior convictions were required to be pled as elements in the indictment for knowingly possessing a firearm, which had been shipped and transported in interstate commerce, and (3) that his guilty plea was improperly taken before a United States Magistrate Judge.

A.     Baylor's Counsel Rendered Effective Assistance

In claims of ineffective assistance of counsel, a court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland v.Washington, 466 U.S. 668, 689 (1984).  The Strickland Court established a standard for determining when counsel has performed in a manner so defective as to be deemed a violation of the defendant's constitutional rights:

> First, the defendant must show that counsel's performance was deficient.  This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.  Second, the defendant must show that the deficient performance prejudiced the defense.  This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.  Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable.

Strickland, 466 U.S. at 687.

In evaluating an attorney's performance, the proper standard is that of "reasonably effective assistance," and a criminal defendant must show that his attorney's representation fell below an objective standard of reasonableness.  Id. at 687-88.  "Judicial scrutiny of counsel's performance must be highly deferential."  Id. at 689.

In addition to establishing that counsel was deficient, the petitioner must show prejudice.

The petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. In the context of a conviction following a guilty plea, a petitioner must show that there is a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 59 (1985). With this legal background in mind, the Court turns to the petitioner's claim of ineffective assistance of counsel.

1.    Petitioner's 1993 Conviction was a Serious Drug Offense

On June 25, 1993, Baylor was sentenced under the Youthful Offender Act for Possession with Intent to Distribute Cocaine. On September 10, 2002, the petitioner pled guilty to felon in possession of a firearm. At sentencing, the Court applied the Armed Career Criminal statute, 18 U.S.C. § 924(e), to Baylor because he was convicted of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and had "three previous convictions . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another . . . ." 18 U.S.C. § 924(e)(1). Baylor alleges that his 1993 conviction should not have been considered a "serious drug offense" for enhancement purposes under 18 U.S.C. § 924(e) because he was convicted of that offense when he was a juvenile. Because Baylor was tried as an adult for that conviction, this claim has no merit. See United States v. Lender, 985 F.2d 151, 155-56 (4th Cir. 1993) (defendant's prior conviction for breaking and entering could be used as a predicate offense under the Armed Career Criminal Act even though the conviction was handed down when the defendant was seventeen, because the state court tried the defendant as an adult).

Baylor claims that his 1993 conviction for Possession with Intent to Distribute cocaine

was not a "serious drug offense"[1] under the Armed Career Criminal Act, 18 U.S.C. § 924(e), because he was given a Youthful Offender Act sentence "not to exceed six years." In determining whether a prior conviction meets the definition of a "serious drug offense" punishable by a maximum term of imprisonment of ten years or more under the Armed Career Criminal Act, the Court looks to the statutory maximum sentence for the prior offense, rather than the actual sentence imposed. *See* United States v. Williams, 508 F.3d 724, 728 (4th Cir. 2007). Baylor was convicted of Possession with Intent to Distribute Cocaine, which carried up to fifteen years in prison under South Carolina law. *See* S.C. Code § 44-53-370(b)(1). Counsel was not ineffective for failing to raise this issue because the petitioner's claim is without merit. Therefore, the petitioner was not prejudiced, and the government is entitled to summary judgment on this issue.

2.     Predicate Convictions Not Considered Elements of the Offense

In his § 2255 petition, Baylor alleges that he should not have been sentenced under the Armed Career Criminal Act, 18 U.S.C. 924(e), because the government should have treated the prior convictions as elements of the offense, which were charged in the indictment and submitted to the jury under Apprendi v. New Jersey, 530 U.S. 466 (2000). In Almendarez-Torres v. United States, the Supreme Court held that prior felony convictions are merely sentencing enhancements rather than elements of an offense and need not be charged in an indictment. 523 U.S. 224, 248 (1998). Because the government was not required to charge Baylor's prior felony

---

[1] 18 U.S.C. § 924(e)(2)(A) provides that "the term 'serious drug offense' means – (i) an offense under the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or chapter 705 of title 46, *for which a maximum term of imprisonment of ten years or more is prescribed by law*. (emphasis added).

convictions in the indictment, the petitioner's claim is without merit. Therefore, counsel was not ineffective for failing to raise the issue, and the government is entitled to summary judgment.

       3.     Baylor's Plea was Properly Taken Before United States Magistrate Judge

      Baylor asserts that his counsel, William F. Nettles, IV, was ineffective by "offer[ing] the petitioner faulty guidance during pretrial discussions, specifically allowing his client to plead guilty before [a] Magistrate Judge in violation of 28 U.S.C. § 636." Furthermore, he claims that he did not knowingly and voluntarily waive his right to plead before a United States District Judge. This issue has already been raised in the petitioner's appeal to the Court of Appeals for the Fourth Circuit. On November 19, 2004, the Court of Appeals for the Fourth Circuit affirmed Baylor's sentence and conviction. Absent an intervening change in law, a petitioner may not collaterally attack issues that have been litigated and resolved on direct appeal. *See* Boekenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976). Furthermore, the record demonstrates that Baylor consented to having his plea taken by United States Magistrate Judge Thomas E. Rogers, III. Therefore, the petitioner's claim is without merit, the petitioner was not prejudiced, and the government is entitled to summary judgment on this issue.

      Therefore, the Court grants the government's motion for summary judgment and dismisses the petition.

      **AND IT IS SO ORDERED**.

                                                      _____
                                                    **C. WESTON HOUCK**
                                                    **UNITED STATES DISTRICT JUDGE**

March 24, 2008
Charleston, South Carolina